IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SARA AFRASIABI nka BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1401-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MARDAN AFRASIABI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Thomas C. Sand
Michelle E. Barton
Miller Nash LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699

Shawn N. Menashe
Gevurtz Menashe Larson & Howe PC
111 S.W. Fifth Avenue, Suite 900
Portland, Oregon 97204

    Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

David C. Gearing
Gearing, Rackner & Engel, LLP
811 S.W. Naito Parkway, Suite 600
Portland, Oregon 97204

Peter R. Afrasiabi
Turner Green Afrasiabi & Arledge LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626

      Attorneys for Defendant

KING, Judge:

This case involves a child custody dispute between plaintiff, Sara Afrasiabi, and defendant, her former husband Mardan Afrasiabi. In a telephone conference shortly after the case was filed, I told the parties that I was concerned about whether this court had jurisdiction. The parties agreed to file briefing on the issue. In addition, plaintiff filed a Motion to Remand. For the reasons below, I remand this action to Clackamas County.

## PROCEDURAL BACKGROUND

On January 25, 2005, a California state court entered a Judgment of Dissolution for plaintiff's and defendant's marriage. The Judgment granted the parties joint custody of their son and established a parenting plan. These provisions took into account that plaintiff was expected to move to Oregon. Once plaintiff moved, defendant also moved to Oregon, with both moves accomplished in 2004. On August 30, 2007, plaintiff filed in Clackamas County Circuit Court a Motion to Modify Judgment re Child Custody and Parenting Time. Show cause hearings were scheduled for October and December. On September 21, 2007, a Clackamas County judge entered an Order for Emergency Parenting Time which, based on a stipulation of the parties,

Page 2 - OPINION AND ORDER

restricts defendant from removing the child from Oregon other than for one planned trip. Defendant removed the case later that day.

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendant to the federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a).

## DISCUSSION

Defendant contends that this court has jurisdiction for the following reason:

> This case as removed to this Court is a narrow and rare one in scope, and is a case that neither seeks, nor requires, this Court to become enmeshed in any factual issues about custody. As framed by Plaintiff, this case raises a threshold legal issue emanating from federal law, a dispositive issue that will terminate this case in its present form as pled by the Plaintiff. And that is the extent of this Court's role. Here, plaintiff seeks to modify a California Judgment under Oregon law with complete indifference to California law. What makes this a federal question case is that federal law, not state law, empowers an Oregon court to modify a California Judgment (28 U.S.C. § 1738A) but only on terms that would be available to modify that Judgment in California (Full Faith and Credit Clause, Art. IV, sec. 1).

Defendant's Br. on Jurisdiction at 2. Defendant wants me to decide if an Oregon state court proceeding that seeks to modify a California Judgment on terms not available in California violates the Full Faith and Credit Clause. Defendant claims that <u>Thompson v. Thompson</u>, 484 U.S. 174, 108 S. Ct. 513 (1988), addressed a different issue and does not apply. Defendant also argues that the federal statute at issue here, the Parental Kidnaping and Prevention Act ("PKPA"), 28 U.S.C. § 1738A, completely preempts the field on this narrow issue.

Plaintiff contends that under <u>Thompson</u>, the PKPA does not create a cause of action in federal court and that removal cannot be based on a federal defense.

Page 3 - OPINION AND ORDER

As explained in Thompson, the PKPA provides that "[o]nce a State exercises jurisdiction consistently with the provisions of the Act, no other State may exercise concurrent jurisdiction over the custody dispute, § 1738A(g), even if it would have been empowered to take jurisdiction in the first instance, and all States must accord full faith and credit to the first State's ensuing custody decree." Id. at 176 (footnote omitted). Thompson addressed conflicting child custody judgments issued by two states. It held that the PKPA "does not create a private right of action in federal court to determine the validity of two conflicting custody decrees." Id. at 178-79. I believe that Thompson likely must be read more broadly than the specific facts before it, namely, that the PKPA creates no private right of action in federal court for any dispute. I need not decide that, however, because defendant would argue that his case is based on the United States Constitution, not on the PKPA. There is a fundamental problem with his argument–defendant is alleging a constitutional defense.

> Generally, removal to federal court requires that a federal claim appear on the face of the plaintiff's "well-pleaded complaint." It is settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint and even if both parties concede that the federal defense is the only question truly at issue.

Dahl v. Rosenfeld, 316 F.3d 1074, 1077-78 (9th Cir. 2003) (discussing complete preemption under the Labor Management Relations Act) (internal quotation and citation omitted). The complete preemption doctrine is the only way out of this corner. Defendant cites cases discussing the complete preemptive effect of ERISA. He does not cite any cases, however, and I was able to find none, which hold that the PKPA completely preempts the field.

Page 4 - OPINION AND ORDER

Consequently, I conclude that federal subject matter jurisdiction does not exist and the removal of this action was improper. The appropriate remedy is to remand the action so that the state court judges who have a wealth of experience in child custody disputes may resolve this one. Defendant may raise his federal constitutional defense in state court.

## CONCLUSION

Plaintiff's Motion to Remand (#10) is granted. This action is remanded to the Clackamas County Circuit Court.

IT IS SO ORDERED.

Dated this      10th         day of October, 2007.

                                             /s/ Garr M. King  
                                             Garr M. King  
                                             United States District Judge